**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.:

SOFIA NICOLAIDIS

      Plaintiff,

v.

WAVE LIFE LLC, a
Florida Limited Liability Company,
WAVE LIFE ONLINE INC, a Florida for Profit
Corporation, and MASUD Y. BOUSKILA, individually,

      Defendants.

_____/

## COMPLAINT

    Plaintiff, SOFIA NICOLAIDIS ("Plaintiff" or "NICOLAIDIS"), by and through the

undersigned counsel, hereby files this Complaint against Defendants, WAVE LIFE LLC, a Florida

Limited Liability Company, WAVE LIFE ONLINE INC, and MASUD Y. BOUSKILA

individually ("BOUSKILA") (collectively "Defendants"), and states as follows:

### JURISDICTION AND VENUE

1. This is an action for damages and other relief for unpaid minimum wages and unpaid overtime

    wages, retaliation committed by Defendants pursuant to the Fair Labor Standards Act, 29

    U.S.C. §§ 201-219 ("FLSA" or the "Act"), an action for breach of contract. In addition, this is

    an action for violation of 26 U.S.C. §7434 for filing with the United States Internal Revenue

    Service ("IRS") fraudulent information return on behalf of the Plaintiff.

2. Jurisdiction is conferred on this Court under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This

    court has supplemental jurisdiction over the state law claim contained herein pursuant to 28

U.S.C. §1367, because that claim arises from the same case or controversy and from a common nucleus of operative facts.

3.  Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed by Defendants in the Southern District of Florida by Defendants, which, at all material times, conducted and continue to conduct business in the Southern District of Florida, and because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and Defendants are subject to personal jurisdiction there.

4.  Plaintiff at all times pertinent to this Complaint resided within the Southern District of Florida, and he is over the age of eighteen or otherwise *sui juris*.

## **PARTIES**

5.  At all times material hereto, Plaintiff was employed by Defendants. Specifically, Plaintiff performed work for Defendants from on or about July 9, 2018, up and until on or about October 26, 2022, as a sales director. Plaintiff was therefore an "employee" as defined by 29 U.S.C. § 203(e).

6.  WAVE LIFE LLC, is a Florida Limited Liability Company organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. WAVE LIFE LLC has its principal place of business in Miami, Florida. At all times material hereto, WAVE LIFE LLC has conducted substantial and continuous business within the Southern District of Florida and is subject to the laws of the United States and the State of Florida.

7.  WAVE LIFE ONLINE INC, is a Florida Corporation organized and existing under and by virtue of the laws of Florida and is registered to do business within Florida. WAVE LIFE ONLINE INC has its principal place of business in Miami, Florida. At all times material hereto, WAVE LIFE ONLINE INC has conducted substantial and continuous business within the

Southern District of Florida and is subject to the laws of the United States and the State of Florida.

8. Plaintiff contends that Defendants WAVE LIFE LLC and WAVE LIFE ONLINE INC ("Entity Defendants") own and or operate a merchandise wholesale business as a single integrated enterprise. Plaintiff is informed and believes that Entity Defendants are joint employers working as a joint enterprise, and/or are the alter egos of one another and of individual Defendant BOUSKILA.

9. Defendant BOUSKILA exercised operational control over the activities of the Entity Defendants working as the alter ego of Entity Defendants. Defendant BOUSKILA controls and is intimately involved in the day-today operations of Entity Defendants and both determined and instituted the unlawful wage and hour, retaliatory practices, and violations alleged herein.

10. Entity Defendants are each an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that separately or in combination they have employees engaged in commerce or in the production of goods for commerce or that they have employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Specifically, WAVE LIFE LLC and WAVE LIFE ONLINE INC are engaged in the business of surf/swim wear wholesale that offer beachwear products including solar protection active wear and fishing apparel to other stores and direct consumers throughout the United States and worldwide.

12. At all times material hereto, WAVE LIFE LLC and WAVE LIFE ONLINE INC have had separately and/or in combination two (2) or more employees who have regularly sold, handled,

or otherwise worked on goods and/or materials that have been moved in or produced for commerce which as employees subject to the provisions of the FLSA. *See* 29 U.S.C. § 207.

13. WAVE LIFE LLC and WAVE LIFE ONLINE INC upon knowledge and belief, separately and/or in combination have had a gross revenue which exceeds $500,000 for each of the past three (3) years, and it utilizes goods in the flow of commerce across state lines.

14. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that Plaintiff is covered under the FLSA through individual coverage, as Plaintiff regularly and recurrently used the instrumentalities of interstate commerce. More specifically, Plaintiff regularly performed functions utilizing telephones, computers to sell Defendants products to customers in and outside of Florida and the United States including the Caribbean, Central America, South America, Europe and Canada.

15. Plaintiff seeks declaratory, injunctive, legal, and equitable relief pursuant to the laws set forth above, together with attorneys' fees, costs and damages.

16. All Defendants were "employers" of Plaintiff as the term is defined under 29 U.S.C. § 203(d).

17. All conditions precedent for the filing of this action before the Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies, or have been waived.

## GENERAL ALLEGATIONS COMMON TO ALL COUNTS

18. Plaintiff is a non-exempt employee of Defendants and is subject to the payroll practices and procedures set forth hereinafter, and who worked more than forty (40) hours during one of more workweeks within three (3) years of the filing of this complaint.

*4*

19. Plaintiff performed work for Defendants from July 9, 2018, up and until on or about October 26, 2022. Her primary duties were to provide client services to customers, attend trade shows and was also assigned tasks that required manual labor.

20. At the outset of her employment, Defendants requested Plaintiff execute an Employment Contract (hereinafter "Agreement"). A copy of the Agreement is attached hereto as Exhibit A.

21. Under the terms of the Agreement, Plaintiff was hired as an inside sales/product development employee of WAVE LIFE LLC. Pursuant to section 4. COMPENSATION OF EMPLOYEE. Plaintiff was to receive a weekly salary of $500.00 per week. In addition, Under section 5. COMMISSION PAYMENTS Plaintiff was also to make commissions based on 10% of Gross sales minus shipping and 5% for all accounts managed by sales reps under her umbrella.

22. The Defendants established a weekly pay period, such that the employees were supposed to get paid every two weeks, no later than one days after the payroll period that ended on the preceding Friday.  However, since approximately July 2018, the wages, and commissions due on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late or not at all.

23. As a result of Defendants' improper practices, Plaintiff was not compensated at all for some of the work performed for the Defendants during her four-year employment. Plaintiff estimates that Defendants failed to compensate her at all for several weeks during her employment.

24. Pursuant to Section 13 of the Agreement, Plaintiff was entitled to a two (2) week paid vacation per year, five (5) paid sick days, and paid US/ Jewish holidays for each year of her employment. However, since 2018, Plaintiff was not compensated for the unused vacation or sick leave even though Defendants agreed to issue payment for Plaintiff's unused vacation time, sick leave for

each year. Furthermore, Plaintiff was not compensated for the pertinent holidays each year of her employment as established by the Agreement.

25. Plaintiff made several complaints to Defendants that her wages and commissions were due in arrears to such an extent, that she was not being paid even a minimum hourly wage when due. Specifically, Plaintiff made her complaints to BOUSKILA verbally and in writing. However, Defendants did not cure the deficiency.

26. Plaintiff also made several requests for the written accounting of her commissions which pursuant to Section 5 of the Agreement, Defendants were required to maintain in sufficient detail. From the beginning of her employment and continuing through her termination, Plaintiff made these requests from BOUSKILA. However, Defendants failed to provide the same.

27. Pursuant to section 14 of the Agreement, Plaintiff's employment could be terminated by either side upon a ten-day written notice being provided by either side and upon compensation being issued to Plaintiff.

28. Plaintiff performed all her obligations under the employment contract during her entire employment. Nevertheless, on or about  October 26, 2022,  days after Plaintiff's last request for payment and without prior notice, Plaintiff was notified by BOUSKILA that she had been terminated and replaced.

29. The temporal proximity of Plaintiff's complaints regarding the improper pay and her termination creates the presumption that Defendants retaliated against Plaintiff for attempting to exercise her rights under the law and the parties' Agreement.

30. For the relevant time period, Defendants were required to accurately report the wages Plaintiff had received as an employee of the Defendants.  However, Defendants deliberately misclassified Plaintiff as an independent contractor, issuing a 1099 form to Plaintiff for each

year of her employment. Furthermore, Defendants misstated Plaintiff's income on their reports to the IRS.

31. Defendants breached the Agreement by 1) failing to issue wages and commissions to Plaintiff when those were due, 2) failing to provide written accounting of the commissions due to Plaintiff, 3) failing to issue Plaintiff payment for unused vacation time, sick leave and holidays during her employment; and 3) by terminating Plaintiff's employment without notice.

### GENERAL ALLEGATIONS RELATED TO PLAINTIFF'S OVERTIME CLAIM

32. Plaintiff was hired by Defendants on or about July 9, 2018 as an inside sales/product development.

33. Plaintiff effectively did not manage anyone within the business; nor did she have decision making capabilities. All her decisions had to be approved by Defendant BOUSKILA.

34. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

35. During the three-year period preceding this complaint, Plaintiff routinely worked more than 40 hours per week. Nevertheless, Defendants failed to compensate Plaintiff at a rate no less than one and one and half times her regular rate for all hours worked in excess of forty (40) hours.

36. Defendants and their representatives knew that Plaintiff was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay. Plaintiff was frequently called and required to perform work by customers and BOUSKILA outside of office hours and on weekends.

37. Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

38. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

39. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### <u>COUNT I</u>
### VIOLATION OF FLSA/OVERTIME against WAVE LIFE LLC

40. Plaintiff, re-alleges and reaffirms paragraphs 1 through 39 as if fully set forth herein.

41. This action is brought by Plaintiff to recover from WAVE LIFE LLC unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

42. Since the commencement of Plaintiff's employment WAVE LIFE LLC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

43. Specifically, from the outset of her employment, Plaintiff worked over forty (40) hours during some of the workweeks in which she was employed. However, she was not compensated at time and half for those hours worked over forty hours.

44. WAVE LIFE LLC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). WAVE LIFE LLC's  business activities involve those to which the Fair Labor Standards Act applies.

45. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff did not have decision-making authority.

46. WAVE LIFE LLC has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

47. By reason of the said intentional, willful, and unlawful acts of WAVE LIFE LLC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

48. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

49. As a result of WAVE LIFE LLC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

50. Plaintiff has retained the undersigned counsel to represent her  in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from WAVE LIFE LLC.

WHEREFORE, Plaintiff respectfully prays for the following relief against WAVE LIFE LLC:

    A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C. Award Plaintiff an equal amount in double damages/liquidated damages; and

    D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT II</u>
## VIOLATION OF FLSA/OVERTIME against WAVE LIFE ONLINE INC.

51. Plaintiff, re-alleges and reaffirms paragraphs 1 through 39 as if fully set forth herein.

52. This action is brought by Plaintiff to recover from WAVE LIFE ONLINE INC unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, 29 U.S.C. § 207 (a)(1) states "[n]o employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

53. Since the commencement of Plaintiff's employment WAVE LIFE ONLINE INC has willfully violated the provisions of § 7 of the FLSA [29 U.S.C. § 207] by having employees working for longer than forty (40) hours without properly compensating them for all overtime hours at a rate not less than one- and one-half times their regular rate.

54. Specifically, from the outset of her employment, Plaintiff worked over forty (40) hours during some of the workweeks in which she was employed. However, she was not compensated at time and half for those hours worked over forty hours.

55. WAVE LIFE ONLINE INC is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). WAVE LIFE ONLINE INC s business activities involve those to which the Fair Labor Standards Act applies.

56. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither a bona fide executive, administrative, or professional employee. Plaintiff did not have decision-making authority.

57. WAVE LIFE ONLINE INC has knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week between the relevant time period.

58. By reason of the said intentional, willful, and unlawful acts of WAVE LIFE ONLINE INC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

59. Plaintiff seeks to recover for unpaid wages accumulated within three (3) years of the filing of this complaint.

60. As a result of WAVE LIFE ONLINE INC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

61. Plaintiff has retained the undersigned counsel to represent her  in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from WAVE LIFE ONLINE INC.

WHEREFORE, Plaintiff respectfully prays for the following relief against WAVE LIFE ONLINE INC:

    A.  Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT III</u>
## VIOLATION OF FLSA/OVERTIME against BOUSKILA

62. Plaintiff, re-alleges and reaffirms paragraphs 1 through 39 as if fully set forth herein.

63. At the times mentioned, Defendant BOUSKILA was, and is now, a corporate officer of Entity Defendants.

64. BOUSKILA was an employer of Plaintiff within the meaning of Section 3(d) of the Fair Labor Standards Act [29 U.S.C. § 203(d)], in that BOUSKILA acted directly in the interests of WAVE LIFE LLC and WAVE LIFE ONLINE INC in relation to its employees including Plaintiff.

65. Specifically, BOUSKILA is the company's owner and supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

66.  BOUSKILA had operational control of the Entity Defendants and is thus jointly liable for Plaintiff's damages.

67. Defendant BOUSKILA willfully and intentionally refused to properly pay Plaintiff overtime wages as required by the law of the United States as set forth above and remains owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants as set forth above.

68. By reason of the said intentional, willful and unlawful acts of BOUSKILA, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

69. As a result of BOUSKILA willful violations of the Act, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff respectfully prays for the following relief against BOUSKILA:

    A.  Adjudge and decree that BOUSKILA has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT IV
### VIOLATION OF FLSA/MINIMUM WAGES against WAVE LIFE LLC

70. Plaintiff re-alleges and reaffirms paragraphs 1 through 39 as fully set forth herein.

71. This action is brought by Plaintiff to recover from WAVE LIFE LLC unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 206.

72. At all times during her employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

73. WAVE LIFE LLC has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due. Specifically, WAVE LIFE LLC failed to compensate Plaintiff for some weeks of work within the three year period preceding to this complaint.

74. WAVE LIFE LLC knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and

accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

75. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

76. By reason of the said intentional, willful and unlawful acts of WAVE LIFE LLC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

77. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

78. WAVE LIFE LLC never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

79. As a result, WAVE LIFE LLC's willful violations of the Act, Plaintiff is entitled to liquidated damages.

80. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from WAVE LIFE LLC.

WHEREFORE, Plaintiff respectfully prays for the following relief against  WAVE LIFE LLC:

    A.  Adjudge and decree that Defendant WAVE LIFE LLC has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT V</u>
## VIOLATION OF FLSA/MINIMUM WAGES against WAVE LIFE ONLINE INC

81. Plaintiff re-alleges and reaffirms paragraphs 1 through 39 as fully set forth herein.

82. This action is brought by Plaintiff to recover from WAVE LIFE ONLINE INC unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*., 29 U.S.C. § 206.

83. At all times during her employment, the Plaintiff was an employee required to be paid a minimum hourly wage for every hour worked and entitled to receive those minimum hourly wages not later than the regularly established pay day.

84. WAVE LIFE ONLINE INC has violated the provisions of the FLSA, 29 U.S.C. § 206 and § 215(a)(2) by failing to timely pay the Plaintiff at least a minimum hourly wage on the regularly scheduled pay date when wages were due. Specifically, WAVE LIFE ONLINE INC failed to compensate Plaintiff for some weeks of work within the three-year period preceding to this complaint.

85. WAVE LIFE ONLINE INC knew or showed a reckless disregard for the provisions of the FLSA concerning the timely payment of wages for all hours worked in respective pay periods and accordingly remains owing the named Plaintiff, liquidated damages, based upon the unpaid minimum wages for the failure to pay even the required minimum hourly wage for every hour worked during each respective pay period during the three-year period preceding this lawsuit.

86. The Plaintiff incurred expenses and endured considerable hardships and damages as a result of being deprived of a minimum hourly wage when due as alleged.

87. By reason of the said intentional, willful and unlawful acts of WAVE LIFE ONLINE INC, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

88. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire.

89. WAVE LIFE ONLINE INC never posted any notice, as required by the Fair Labor Standards Act and federal law, to inform employees of their federal rights to overtime and minimum wage payments.

90. As a result, WAVE LIFE ONLINE INC S willful violations of the Act, Plaintiff is entitled to liquidated damages.

91. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from WAVE LIFE ONLINE INC.

WHEREFORE, Plaintiff respectfully prays for the following relief against WAVE LIFE ONLINE INC:

A. Adjudge and decree that Defendant WAVE LIFE ONLINE INC has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VI**</u>
**VIOLATION OF FLSA/MINIMUM WAGES against BOUSKILA**

92. Plaintiff, re-alleges and reaffirms paragraphs 1 through 39 as if fully set forth herein.

*16*

93. At the times mentioned, Defendant BOUSKILA was, and is now, the president and owner of corporate Defendant WAVE LIFE LLC and WAVE LIFE ONLINE INC.

94. BOUSKILA was an employer of Plaintiff within the meaning of Section 3(d) of the FLSA [29 U.S.C. § 203(d)], in that he acted directly in the interests of Entity Defendants in relation to its employees including Plaintiff.

95. Specifically, BOUSKILA supervised Plaintiff, determined company payroll decisions, and maintained the right to hire and fire Plaintiff during all pertinent times hereto.

96. BOUSKILA had operational control of the business and is thus jointly liable for Plaintiff's damages.

97. Defendant BOUSKILA willfully and intentionally refused to properly pay Plaintiff at least minimum wages for each hour worked as required by the law of the United States as set forth above and remains owing Plaintiff these wages with Defendants as set forth above.

WHEREFORE, Plaintiff respectfully prays for the following relief against BOUSKILA:

    A.  Adjudge and decree that Defendant BOUSKILA has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

    B.  Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wage, with interest; and

    C.  Award Plaintiff an equal amount in double damages/liquidated damages; and

    D.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

    E.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

<u>**COUNT VII**</u>
**FLSA RETALIATION against WAVE LIFE LLC**

98. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this

*17*

complaint as if set out in full herein.

99. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

100.   WAVE LIFE LLC conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

101.   The motivating factor that caused Plaintiff's termination as described above was Plaintiff's complaints for payment of her earned wages.

102.   Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against  WAVE LIFE LLC:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the

circumstances.

## <u>COUNT VIII</u>
### FLSA RETALIATION against WAVE LIFE ONLINE INC

103.    Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of

this complaint as if set out in full herein.

104.    29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other

manner discriminate against any employee because such employee has filed any complaint or

instituted or caused to be instituted any proceeding under or related to this Act, or has testified

or is about to testify in any such proceeding, or has served or is about to serve on an industry

committee."

105.    WAVE LIFE ONLINE INC conduct as set forth above constitutes a violation of the

FLSA's anti-retaliation provisions.

106.    The motivating factor that caused Plaintiff's termination as described above was Plaintiff's

complaints for payment of her earned wages.

107.    Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff

has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief:

  A.   Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

       intentionally and with reckless disregard for Plaintiff's rights;

  B.   Enter judgment against the Defendant for all back wages from the date of discharge to

       the present date and an equal amount of back wages as liquidated damages, and;

  C.   Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years

       of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT IX
## FLSA RETALIATION against BOUSKILA

108. Plaintiff re-adopt each and every factual allegation as stated in paragraphs 1 through 39 of this complaint as if set out in full herein.

109. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

110. BOUSKILA'S conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provisions.

111. The motivating factor that caused the adverse employment actions taken against Plaintiff including but not limited to Plaintiff's termination as described above was Plaintiff's complaints for proper payment of her earned wages.

112. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully pray for the following relief against BOUSKILA:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully,

intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## <u>COUNT X</u>
## BREACH OF CONTRACT against WAVE LIFE LLC

113. Plaintiff re-alleges and reaffirms paragraphs 1 through 31 as fully set forth herein.

114. Pursuant to the Agreement, Plaintiff was to be compensated $500.00/week plus commissions.

115. Moreover, pursuant to section 14 of the Agreement, a ten (10) day written notice to the other party is required in order to terminate the Agreement.

116. Plaintiff fully performed all of her obligations under the Agreement.

117. However, WAVE LIFE LLC  materially breached the Agreement by 1) not paying Plaintiff wages due when owed and not paying for some of the commissions she was entitled to pursuant to the Agreement; 2) did not provide written accounting to Plaintiff setting forth the manner Plaintiff's unpaid commission was calculated for each payperiod;  3) did not compensate Plaintiff for the unused vacation and sick days each year of her employment nor did it

compensate Plaintiff for the eligible holidays during each year of her employment and 4)did not provide the required notice prior to terminating Plaintiff.

118.    Plaintiff made several requests to BOUSKILA verbally and in writing through her termination, for the written accounting setting forth in sufficient detail the commissions due to Plaintiff. WAVE LIFE LLC failed to provide the accounting.

119.    Pursuant to Section 13 of the Agreement, Plaintiff was entitled to receive 2-week paid vacation time and 5 days of sick leave per year. Additionally, WAVE LIFE LLC was required to compensate Plaintiff holiday pay for the identified holidays Defendants observed each year of Plaintiff's employment. WAVE LIFE LLC however, failed to issue Plaintiff compensation for these benefits.

120.    Since approximately July 2018, the wages, and commissions due to Plaintiff on the regularly established pay day, began to arrive late and were provided piecemeal, such that the amounts due would be paid only in part, late or not at all. As a result, Plaintiff was not compensated for all the wages and commissions due pursuant to the Parties' Agreement.

121.    Furthermore, on or about October 26 2022, Defendant terminated Plaintiff's employment without prior notice as required by the Agreement.

122.    As a result of WAVE LIFE LLC's breaches, Plaintiff suffered damages.

123.    All conditions precedent have been satisfied, have occurred, or have been waived.

WHEREFORE, Plaintiff respectfully prays for the following relief against WAVE LIFE LLC:

A.  Adjudge and decree that Defendant has breached the Agreement and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B.  Award Plaintiff actual damages in the amount shown to be due for the unpaid commissions, benefits, and wages by Defendant, with interest;

C.  Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

D.  Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### COUNT XI
### VIOLATION OF 26 U.S.C. §7434
### against WAVE LIFE LLC

124. Plaintiff, re-alleges and reaffirms paragraphs 1 through 31 as if fully set forth herein.

125. Under 26 U.S.C. §7434, if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such return.

126. The IRS 1099 form issued by WAVE LIFE LLC to Plaintiff for 2018, 2019, 2020 was and is a "fraudulent information return" for purposes of civil liability under 26 U.S.C. §7434.

127. WAVE LIFE LLC issued to the IRS a fraudulent 1099 form for 2018-2020 on behalf of Plaintiff in that WAVE LIFE LLC, with full knowledge of Plaintiff's status as an employee and of Plaintiff's wages, willfully and falsely misclassified Plaintiff as an independent contractor and substantially understated to the IRS Plaintiff's income. Thus, exposing Plaintiff to tax liability.

128. As a direct result of the WAVE LIFE LLC's filing of fraudulent information return on behalf of Plaintiff, Plaintiff has suffered actual damages, including added tax liability and added expenses in having to correct any future tax returns or to have an amended tax return prepared. In any event, Plaintiff is entitled to recover a minimum of $5,000.00 under 26 U.S.C. §7434(b).

129. Plaintiff is entitled to recover, in addition to her actual damages and costs of suit, her reasonable attorney's fees under 26 U.S.C. §7434(b)(3).

130. Plaintiff has complied with the requirements of 26 U.S.C. §7434(b)(3) including sending a copy of this Complaint to the IRS.

WHEREFORE, Plaintiff requests that this court enter judgment against WAVE LIFE LLC for her actual damages in the amount of no less than $5,000, costs, interest, attorneys' fees and such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff SOFIA NICOLAIDIS demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: January 5, 2023

Respectfully submitted,

**PEREGONZA THE ATTORNEYS, PLLC**
5201 Blue Lagoon Drive,
Suite 290
Miami, FL 33126
Tel. (786) 650-0202
Fax. (786) 650-0200

By: */s/ Nathaly Saavedra*
Nathaly Saavedra, Esq.
Fla. Bar No. 118315
Email: nathaly@peregonza.com

By: */s/ Juan J. Perez*
Juan J. Perez, Esq.
Fla. Bar No. 115784
Email: juan@peregonza.com

By: */s/ Jocelyn R. Rocha*
Jocelyn R. Rocha, Esq.
Fla. Bar No. 1039302
Email: jocelyn@peregonza.com